UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LARRY G. RAMIREZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | **SA-07-CV-0183 XR (NN)** |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER CONCERNING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This order addresses plaintiff Larry G. Ramirez's motion to proceed *in forma pauperis* (IFP) on appeal. On August 11, 2008, Ramirez filed a notice of appeal to challenge the district court's judgment affirming the decision of defendant Michael J. Astrue, Commissioner of the Social Security Administration (the Commissioner), denying Ramirez's application for Disability Income Benefits.[1] Ramirez asked to proceed IFP on appeal.[2] The district judge referred the request to me for disposition.[3]

An appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith.[4] "The 'good faith' requirement . . . 'is established by the presentation of

---

[1] Docket entry # 39.

[2] Docket entry # 40.

[3] *See* docket entries dated 8/11/08 referring motion to proceed IFP to the magistrate judge.

[4] 28 U.S.C. § 1915(a)(3).

any issue that is not plainly frivolous.'"[5] "A determination of good faith necessitates an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"[6] For the following reason, I certify that Ramirez's appeal is not taken in good faith.

Ramirez has not shown that his appeal is taken in good faith because he did not identify his issues for appeal.[7] Even though he did not identify his issues on appeal, the legal issues raised by his objections to the memorandum and recommendation will likely form the basis of his appeal. Ramirez objected to the memorandum and recommendation on two grounds: (1) he asserted that the ALJ's finding about his residual functional capacity is not supported by substantial evidence, and (2) he argued that the ALJ erred in finding that he retained the ability to perform his past relevant work as an assembler.[8] In light of applicable standards, these objections are not "arguable on their merits."

In reviewing the Commissioner's decision denying disability benefits, the district court is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[9] "Substantial

---

[5]*Hayes v. United States*, 258 F.2d 400, 401-02 (5th Cir. 1958) (internal citation omitted).

[6]*Jones v. Frank*, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985) (internal citations omitted).

[7]*See* Fed. R. App. Proc. 24(a)(1) (requiring the appellant to state the issues he intends to present on appeal in an affidavit attached to his motion to proceed IFP).

[8]Docket entry # 35.

[9]*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10]  Substantial evidence "must do more than create a suspicion of the existence of the fact to be established . . . ."[11]  This deferential standard does not permit the district court to substitute its own judgment about the weight of, and conflicts in, the evidence.[12]  That is essentially what Ramirez asks the district court to do.  Consequently, I certify that Ramirez's appeal is not taken in good faith and deny Ramirez's motion (docket entry # 40).  I direct the clerk of the court to immediately notify the parties and the court of appeals that I have certified Ramirez's appeal as not taken in good faith and that I have denied his motion to proceed on appeal IFP.[13]

Even though I deny Ramirez's motion to proceed on appeal IFP, Ramirez may file a motion to proceed IFP in the court of appeals within 30 days after service of notice of the denial.[14]

**SIGNED** on August 19, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10] *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[11] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

[12] *See Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

[13] *See* Fed. R. App. Proc. 24(a)(4) (requiring notice).

[14] *See* Fed. R. App. Proc. 24(a)(5) (providing for a motion in the court of appeals).